UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES LAWSON,

    Plaintiff,

vs.    CASE NO: 5:19-CV-903

FAITHVILLE, LLC
    Defendant.
_____/

# COMPLAINT

Plaintiff, James Lawson ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues FAITHVILLE, LLC for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Western District of Texas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the

Western District of Texas.

3. Plaintiff, James Lawson (hereinafter referred to as "Lawson"), is a resident of the State of Texas and is a qualified individual with a disability under the ADA. Lawson suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he has multiple sclerosis and requires the use of a wheelchair for mobility and has limited use of his upper extremities. Prior to instituting the instant action, Lawson visited the Defendant's premises at issue in this matter in June 2019, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Lawson continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, FAITHVILLE, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Texas. Upon information and belief, FAITHVILLE, LLC (hereinafter referred to as "FAITHVILLE") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically The Shops at Faithville Park, located at 17080 State Hwy 46 W, in Spring Branch, Texas (hereinafter

referred to as the "Shopping Center").

5. All events giving rise to this lawsuit occurred in the Western District of Texas.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, FAITHVILLE is a place of public accommodation in that it is a Shopping Center operated by a private entity that provides goods and services to the public.

8. FAITHVILLE has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of 42 U.S.C §12101 *et seq*.

9. Lawson has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center. Prior to the

filing of this lawsuit, Lawson visited the Shopping Center at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact, as a result of the barriers to access listed in Paragraph 11, below that he personally encountered. In addition, Lawson continues to desire and intends to visit the Shopping Center, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain at the Shopping Center in violation of the ADA. Lawson has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. FAITHVILLE is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    i. The El Jalisco Mexican Restaurant has a raised outdoor dining area that is accessed by a single step with no accessible route from the parking level;

ii. The accessible parking space located in front the Spring Branch Pharmacy has no accessible signage;

iii. The entry door to the El Jalisco Mexican Restaurant has knob type hardware and has a threshold that is between 1" and 2" above the level of the entry walk and lacks an accessible route to enter for a wheelchair user;

iv. The accessible parking space across from the Branch Neighborhood Grill has a running slope that is too great for a wheelchair user and no accessible signage;

v. The handrail on the entry ramp at the Branch Neighborhood Grill has a square cross section that cannot be easily gripped, is too high above grade and has no handrail extensions;

vi. The accessible route from the front parking area to the rear outdoor dining area of the Branch Neighborhood Grill has changes in level of greater than 2" and a ramp with no handrails;

vii. There are an insufficient number of accessible and van accessible parking spaces for the entire property and all the businesses present;

viii. The ramp in the accessible route behind the Spring Branch Pharmacy has no handrails;

ix. The picnic tables located throughout the park have no knee and toe clearance for a wheelchair user;

x. The rear parking area has no accessible or van accessible parking spaces;

xi. There are no accessible or van accessible parking spaces at the Drive Thru Oil Change;

xii. The walk that connects the Copalli Café, The Farmhouse Market Kids, The Popcorn Friday, and The Petticoat Junction shops is not a wheelchair accessible route due to the insufficient width at certain areas and due to changes in level only accessed by steps;

xiii. The entries to the Copalli Café, The Farmhouse Market Kids, The Popcorn Friday, and The Petticoat Junction shops have steps at the thresholds and no ramps are provided for wheelchair users;

xiv. The handrails on the entry steps and entry ramp to the Farmhouse Market have a square cross sections and do not have extensions;

xv. The handrails on the entry steps and entry ramp in front of Dawson Construction have a square cross sections and do not have extensions;

xvi. At the entry doors of the WCS&G Construction, Dawson

|        | Construction and the Pregnancy Care Center have steps in the thresholds that are not ramped for wheelchair users; |
|--------|---|
| xvii.  | The entry to Pilates By Design is accessed only by steps that are not ramped for wheelchair users; |
| xviii. | The entry walk to the Executive Offices/Management building is approximately 6" above the finished grade with no accessible route provided for wheelchair users; |
| xix.   | The entry to the Management Office has a step in the threshold that is not ramped for wheelchair users; |
| xx.    | The entry to the Chapel is accessed by steps only that are not ramped for wheelchair users; |
| xxi.   | The entry to Griffith Construction is accessed by steps only that are not ramped for wheelchair users; |
| xxii.  | The entry ramp to The Fur and Feather Family Vet has handrails that are too high, have a square cross section, and have no extensions; |
| xxiii. | The entry to the Revo Sports building is by steps only that are not ramped for wheelchair users; |
| xxiv.  | The entry to The Bluebonnet Cottage is by steps only that are not |

      ramped for wheelchair users;

  xxv.    The outdoor dining area of the Branch Neighborhood Grill has changes in level accessed by steps only that are not ramped for wheelchair users;

  xxvi.    At the water feature that runs through the center of the property, the changes in level from one side to the other are accomplished by steps only that are not ramped for wheelchair users;

12. There are other current barriers to access and violations of the ADA at the Shopping Center owned and operated by FAITHVILLE that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §§36.304 and 36.401, FAITHVILLE required to make its Shopping Center, a place of public accommodation, accessible to persons with disabilities by January 28,

1992. To date, FAITHVILLE has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by FAITHVILLE pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against FAITHVILLE and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

   E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 29th day of July, 2019.

           Respectfully submitted,

           By:   /s/ Edward I. Zwilling
           Edward I. Zwilling, Esq.
           Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email:  edwardzwilling@zwillinglaw.com